IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
No. 22-55749

---

DAISY ALVAREZ,
Plaintiff and Appellee

v.

SHERATON OPERATING CORPORATION, ET AL.
Appellants

---

On Appeal from the United States District Court for the Central District of
California, No. 2:20-cv-03608-TJH-JC
Honorable Terry J. Hatter, Jr.

---

**APPELLEE'S ANSWERING BRIEF**

---

EMPLOYEE JUSTICE LEGAL GROUP
Kaveh Elihu, California Bar No. 268249
Karnit Braun, California Bar No. 230538
Saima Ali, California Bar No. 324752
1001 Wilshire Blvd, Suite 1120
Los Angeles, CA 90017
Telephone: (213) 382-2222

Attorneys for Appellee

# <u>TABLE OF CONTENTS</u>

Statement of Issues ........................................ 1

Statutory Authorities ...................................... 1

Statement of the Case ...................................... 1

Summary of Argument ...................................... 6

Standard of Review ........................................ 8

Argument ................................................. 9

    I.     Appellants Had Knowledge of An Existing Right to Compel Arbitration. ....................................... 9

    II.    Appellants Intentionally Acted in a Manner That Was Inconsistent with Their Known Right to Arbitrate. ................................... 12

        A.   Appellants Actively Litigated This Matter for Thirteen Months Before Moving to Compel Arbitration. ............................ 13

           i.  Motion to Dismiss .......................................... 15

          ii.  Answer to Complaint ..................................... 16

         iii.  Discovery ....................................... 19

        B.   Appellants' Conduct During the Pendency of this Lawsuit Reflects an Intentional Decision Not to Arbitrate Appellee's Claims. ............................... 21

Conclusion ................................................. 23

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*AT&T Mobility LLC v. Concepcion*,
　　563 U.S. 1746 (2011) ....................................................................... 20

*Blau v. AT&T Mobility*,
　　2012 U.S. Dist. LEXIS 21458 (N.D. Cal. February 21, 2012) ........ 16

*Bowen v. Mt. Vernon Savings Bank*,
　　105 F.2d 796 (1939) ......................................................................... 10

*Britton v. Co-Op Banking Group*,
　　916 F.2d 1405 (9th Cir. 2005) ............................................... 16-17, 19

*Cape Flattery Ltd. v. Titan Maritime, LLC*,
　　647 F.3d 914 (9th Cir. 2011) ............................................................. 8

*Fisher v. A.G. Becker Paribas Inc.,*
　　791 F.2d 691 (9th Cir. 1986) ..................................................... 9, 16-18

*Groom v. Health Net*,
　　82 Cal.App.4th 1189 (2000) ............................................................ 22

*Hoffman v. Constr. Co. v. Active Erectors & Installers, Inc.*,
　　99 F.2d 796 (9th Cir. 1992) ............................................................. 11

*Hightower v. JPMorgan Chase Bank, N.A.*,
　　2014 WL 12558114 (C.D. Cal. Jan. 28, 2014) ......................... 19-20

*Kelly v. Pub. Util. Dist. No. 2*,
　　552 Fed. App'x 663 (9th Cir. 2014) .............................................. 23

*Khalatian v. Prime Time Shuttle, Inc.*,
　　237 Cal.App.4th 651 (2015) .................................................... 21-22

*Lake Commc'ns, Inc. v. ICC Corp.*,
　　738 F.2d 1473 (9th Cir. 1984) ................................................. 21-22

*Martin v. Yasuda*,
829 F.3d 1118 (9th Cir. 2016) ............................................. 9, 13, 22

*Morgan v. Sundance, Inc.*,
142 S. Ct. 1708 (2022) ............................................................ 9, 21

*Newirth v. Aegis Senior Cmtys., LLC*,
931 F.3d 935 (9th Cir. 2019) ............................................. 9, 13, 22

*Plows v. Rockwell Collins, Inc.*,
812 F.Supp.2d 1063 (C.D. Cal. 2011) ........................................ 11

*Richards v. Ernest & Young, LLP*,
744 F.3d 1072 (9th Cir. 2013) ........................................... 8, 15, 19

*Richards v. El Cajon Motors, Inc.*,
200 Cal.App.4th 832 (2011) ........................................................ 20

*Sink v. Aden Enter., Inc.*,
352 F.3d 1197 (9th Cir. 2003) ..................................................... 8

*Ticknor v. Choice Hotels Int'l, Inc.*,
265 F.3d 931 (9th Cir. 2001) ....................................................... 8

*United States v. Park Place Assoc., Ltd.*,
563 F.3d 907 (9th Cir. 2009) ....................................................... 9

*United States v. Georgia-Pac Co.*,
421 F.2d 92 (9th Cir. 1970) ....................................................... 10

*United Computer Sys. v. AT&T Info Sys.*,
298 F.3d 756 (9th Cir. 2002) ..................................................... 15

*Van Ness Townhouses v. Mar Inuds. Corp.*,
862 F.2d 754 (9th Cir. 1988) ..................................................... 22

*Woods v. Saturn Distrib. Corp.*,
78 F.3d 424 (9th Cir. 1996) ......................................................... 8

*Zoller v. GCA Advisors, LLC*,
    993 F.3d 1198 (9th Cir. 2021) ...................................................... 9

Statute(s)

Fed. R. Civ. P. 11(b) ..................................................................... 18

Fed R. Civ. P. 30(b)(6) ............................................................. 3-4

**STATEMENT OF ISSUES**

1. Did the District Court properly deny Appellants' renewed motion to compel arbitration when Appellants waited over 13-months to file and instead opted to litigate dispositive motions and substantial discovery?

2. Did the District Court properly find that Appellants knew, or should have known, of their right to arbitrate before April 2021?

3. Did the District Court properly find that Appellants' actions during litigation were inconsistent with the right to arbitrate?

4. Did the District Court properly find that Appellants' actions reflected an intent to litigate rather than to arbitrate since the inception of this litigation?

**STATUTORY AUTHORITIES**

All pertinent statutory authorities appear in the addendum of this brief.

**STATEMENT OF THE CASE**

Before filing her class action complaint, Appellee Daisy Alvarez (hereinafter, "Appellee") exhausted all efforts to investigate, in good faith, whether she could bring her class claims against Appellants Sheraton Operating Corporation ("Sheraton") and Marriot International, Inc. ("Marriott") (collectively, "Appellants") for their various California Labor Code violations in court. On

1

December 31, 2019, Appellee sent Appellants a request for records pursuant to California Labor Code sections 432, 226 and 1198.5. Excerpt of Record ("ER") at 75-78. Specifically, Appellee requested a copy of "arbitration agreements." *Id.* On January 17, 2020, Appellants' attorney, Vice President and Senior Counsel, Jamie Balanoff, produced Appellee's wage statements, payroll and deductions history, and contents of files that were retained in her personnel file. ER at 79-80. The personnel file included, among other things, meal and rest break policies, job and safety guidelines, and various new hire checklists. ER 71. However, notably missing were any arbitration agreements. *Id.*

After reviewing Appellants' January 2020 document production and filing a Notice pursuant to the Private Attorneys General Act of 2004 ("PAGA") with the Labor and Workforce Development Agency ("LWDA") on February 3, 2020, Appellee filed her Class Action Complaint with the Los Angeles Superior Court on March 13, 2020. ER at 379. Appellants had yet another opportunity to assert an arbitration defense. Instead, Appellants removed the case to federal court on April 20, 2020. ER at 355. On April 27, 2020, Appellants filed a Motion to Dismiss and Strike Class Allegations. ER at 324, 331. On July 31, 2020, the District Court issued its order, denying Appellants' motion. ER at 294. On August 14, 2020, Appellants filed their Answer to Plaintiff's Complaint, wherein they failed to assert that an arbitration agreement existed or was applicable yet did contain an

affirmative defense asserting that Appellant's claims were preempted by the Federal Arbitration Act. ER at 294; 315.

As the record reflects, Appellants were given a multitude of opportunities to assert an arbitration defense and move to compel arbitration even after filing their motion to dismiss and answer. First, Between October 2020 and February 2021, counsel for the Parties engaged in several meet and confer efforts after Appellants represented an interest in mediating Appellee's class claims. ER at 63. In February 2021, after mediation efforts failed, Appellee served written discovery requests and deposition notices for Appellants' witnesses pursuant to Fed. R. Civ. P. 30(b)(6), wherein Plaintiff's counsel sought production of any relevant arbitration agreements for Appellant or putative class members. ER at 45.

Discovery was an opportunity for Appellants to investigate their records, especially as it pertained to Appellee, and produce the arbitration provision at issue. However, on March 18, 2021, Appellants again failed to produce any arbitration agreement in their response to Appellee's written discovery requests. ER at 91-95. Appellants did, however, claim for the first time, that an arbitration provision existed as part of a "collective bargaining agreement", which Appellants failed to produce. Appellee's counsel immediately demanded any such document be produced, but Appellant refused. ER 101-102. Then, again, on March 26, 2021, in their objection to Appellee's Notice of Deposition pursuant to Fed. R. Civ.

P. 30(b)(6), Appellants failed to mention the existence of any arbitration agreement.  ER 104.

Finally, on April 7, 2021 – nearly *sixteen months after* first being asked to produce a relevant arbitration agreement – Appellants produced an entirely new, stand-alone arbitration agreement that was not part of any collective bargaining agreement. ER 106-108.  In response, Appellee immediately asked Appellants to clarify how, as they claimed, "Defendants recently became aware" of the new agreement.  *Id*.  Appellants refused to provide *any* clarity and insisted that Appellee's question was not a "salient inquiry."  ER at 106.  Appellee again asked for clarification on how "Defendants recently became aware" of the agreement.  *Id*. Appellants refused to so much as respond and instead filed their motion to compel arbitration without complying with Local Rule 7-3.  ER at 111.  Appellee followed up one more time on April 14, 2021, attempting to meet and confer about the inconsistent statements made in Appellants' motion and supporting declarations but received no response.  ER 110.

On April 14, 2021, Appellants filed a Motion to Compel Arbitration and Stay the Action on the basis of the arbitration agreement that was produced on April 7, 2021.  ER at 11.  The District Court's May 17, 2021 Order denying the motion identified the very issue that Appellants refused to discuss during the meet and confer process, noting "the Court is perplexed as to how the Hotel Defendants,

as the drafter of the Arbitration Agreement, could have first 'become aware of' the Arbitration Agreement more than 5 years after the Arbitration Agreement was, apparently, signed by Alvarez."  ER at 257.

On June 2, 2021, Appellants filed a Notice of Appeal of the District Court's May 17th Order.  Dkt. 30; ER at 413.  After briefing and oral arguments, on January 6, 2022, the Ninth Circuit Court of Appeals reversed the District Court's May 17th Order and remanded the matter back so that the Court could assess the issue of whether Appellants waived their right to arbitrate pursuant to federal law. ER 3.

On January 28, 2022, the District Court granted Appellants permission to file a renewed motion to compel arbitration.  ER at 253.  On February 28, 2022, Appellants filed their Renewed Motion to Compel Arbitration.  ER at 122.  On July 12, 2022, the District Court, even after applying federal law, found that Appellants "waived any right they might have had to compel arbitration of Alvarez's non-PAGA claims under the Agreement."  ER at 9.  On August 23, 2022, Appellants filed a Notice of Appeal of the District Court's July 12th Order denying their renewed motion to compel arbitration.  Dkt. 65.

Appellants' Opening Brief fails to elaborate still and only claims that Appellants' failure to produce the document earlier was because Appellants "simply did not initially realize Alvarez signed the Arbitration Agreement."

Opening Brief, p.17. In short, despite multiple requests by Appellee that Appellants fully explain how they suddenly "became aware" of the alleged agreement, despite that issue being fully briefed before the District Court and the Ninth Circuit three times between April 2021 and March 2022, and despite the district court's ruling squarely addressing that same issue – twice, Appellants remain unable to explain this material, crucial, and central issue on appeal. Opening Brief 17-18.

## SUMMARY OF ARGUMENT

Appellants have been found to have waived their right to compel arbitration pursuant to the arbitration agreement they produced in April 2021 – sixteen months after they were first asked to produce any and all relevant arbitration agreements. Despite briefing this issue twice before the Central District Court of California, and now twice before this Ninth Circuit Court of Appeals, Appellants have demonstrated they will do anything so that they do not have to litigate this class action matter further in Court.

Appellants wrongfully claim that they had no knowledge of the purported arbitration agreement until April 2021, when they were engaged in discovery with Appellee. This is demonstrably false for various reasons. First, Appellants were the drafters of the arbitration agreement at issue, and as such, knowledge can be imputed. Second, Appellants' human resources agent has repeatedly testified to

having knowledge of the arbitration agreement as far back as March 2016, and as such, her knowledge as an agent can, and should, also be imputed unto Appellants. Third, Appellants claimed in their Answer in August 2020 that Appellee's claims were barred by the Federal Arbitration Act. Lastly, Appellants responded to discovery, and thus conducted their necessary investigation before certifying their responses, in March 2021. Notably missing from Appellants' Opening Brief – and any briefing on this issue – is an explanation of how Appellants suddenly became aware of the arbitration agreement when it was drafted by Appellants and retained in Appellee's personnel file. The record shows not only multiple instances where Appellants' knowledge of an arbitration agreement should be clear, but it also shows many opportunities where Appellants could have asserted this right without delaying litigation over a year and impeding judicial economy.

Appellants also claim that their conduct during the pendency of this litigation was not inconsistent with an intent to arbitrate. This argument too lacks merit. Appellants have removed this matter from state to federal court, filed a motion to dismiss and/or strike class allegations, seeking to remove – and indeed did result in the dismissal of – two of Appellee's causes of action with prejudice, engaged in various meet and confer efforts to mediate, and participated in discovery by responding to and propounding discovery requests before even asserting that a relevant arbitration agreement existed. Appellants' conduct

purposefully delayed litigation of Appellee's class claims and was entirely inconsistent with the intent to arbitrate as well.

## STANDARD OF REVIEW

The question presented by Appellants is whether the district court erred in finding waiver of the right compel arbitration. Opening Brief at 6. While Appellants ask the Court to apply the *de novo* standard of review, the proper standard is to review the district court's factual findings and determine whether they constitute clear error. *Cape Flattery Ltd. v. Titan Maritime, LLC*, 647 F.3d 914, 917 (9th Cir. 2011); *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 936 (9th Cir. 2001); *Sink v. Aden Enter., Inc.*, 352 F.3d 1197, 1199 (9th Cir. 2003); *Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 427 (9th Cir. 1996). Appellants cite *Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1074 (9th Cir. 2013), for the proposition that *de novo* review must apply here. However, as the Court made clear in *Richards*, *de novo* review of questions of waiver only applies when the facts are "undisputed." Here they are not. Indeed, the key inquiry of when and how Appellants "became aware" of the existence of the alleged arbitration agreement is fundamentally disputed by the parties, is a material question, and remains unanswered. As this Court held last year, "the district court's factual findings are reviewed for clear error, unless no facts are in dispute, in which case

our entire review is *de novo*." *Zoller v. GCA Advisors, LLC*, 993 F.3d 1198 (9th Cir. 2021).

## ARGUMENT

"The right to arbitration, like other contractual rights, can be waived." *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016); *see also United States v. Park Place Assoc., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009). The party seeking to prove waiver of a right to arbitration must show that Defendants had "'(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.'" *Martin*, 829 F.3d at 1125, *quoting Fisher v. A.G. Becker Paribas Inc.,* 791 F.2d 691, 694 (9th Cir. 1986); *see also Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 940 (9th Cir. 2019). The United States Supreme Court recently issued its order in *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022), invalidated the Eight Circuit's rule – identical to the rule in *Newirth* – and held that the party resisting arbitration need not show prejudice. Therefore, the focus of a waiver inquiry, since *Morgan*, is now solely on the party seeking to compel arbitration. *Morgan*, 142 S. Ct. at 1714.

## I.    Appellants Had Knowledge of An Existing Right to Compel Arbitration.

Appellants – for the fourth time – claim in their Opening brief that they did not realize Appellee signed the arbitration agreement at issue until they responded

to discovery in April 2021. Opening Brief, p. 20. This is not only demonstrably false but is also contradicted by Appellants own evidence.

Defendants repeatedly submit the Declaration of Evelyn Tangtanalit, who was the human resources manger at the hotel where Appellee was employed. In her declaration, Ms. Tangtanalit testifies that in 2016, she in fact distributed the arbitration agreement to Appellee, and "discussed" the arbitration agreement with Appellee. *See*, e.g., ER at 211. Ms. Tangtanalit states that after an employee signed the arbitration agreement, the signature page was then retained in the employee's records. *Id.*

Because Appellants are a private corporation, Appellants acquire knowledge though the corporation's agents. "Under well-established principles of agency, a principal is bound by the knowledge of its agents concerning a matter upon which it is the agent's duty to give the principal information." *United States v. Georgia-Pac Co.,* 421 F.2d 92, 98, n.9 (9th Cir. 1970); *see also* Restatement, Agency 2d § 272. "It is no defense that the agent did not, in fact, communicate his knowledge to his principal." *Georgia-Pac. Co.,* 421 F.2d at 98, n.9; *see also Bowen v. Mt. Vernon Savings Bank*, 105 F.2d 796 (1939). As such, given Ms. Tangtanalit's testimony, it is not only clear she was aware of the existence of the arbitration agreement as early as March 2016 when Appellee was onboarded unto Appellants' company, but also that this was a routine practice for the hotel to undergo with new

employees at that time. Per the company's own protocol, the arbitration agreement's signature page was placed into Appellee's personnel file. Therefore, this Court, as the District Court did, must impute Ms. Tangtanalit's knowledge of the existence of the arbitration agreement to the Appellants.

Appellants' Opening Brief is silent as to why Ms. Tangtanalit's knowledge of the arbitration agreement cannot be imputed to Appellants. Indeed, Appellants concede as such. Opening Brief, p. 21 ("…Defendant do no dispute they are imputed with knowledge of the right to compel arbitration…")

Moreover, Appellants were the drafters of the arbitration agreement at issue here, and as such, knowledge of its existence must rightfully be imputed unto them. *See er v. Rockwell Collins, Inc.*, 812 F.Supp.2d 1063, 1066 (C.D. Cal. 2011) ("Knowledge of a contractual right to arbitrate is imputed to the contract's drafter."); *see also Hoffman v. Constr. Co. v. Active Erectors & Installers, Inc.*, 99 F.2d 796, 798 (9th Cir. 1992) ("It cannot be said that Active lacked knowledge of the right to compel arbitration. The contract itself called for arbitration of disputes…"). As Appellants were the drafters of the onboarding paperwork given to Appellee and other employees at that time that contained the relevant arbitration agreement, it is beyond dispute that Appellants knew of Appellee's right to seek arbitration.

Even more, Appellants concede that they in fact had knowledge of their right to arbitrate with Appellee prior to April 2021, but "concluded" that the alleged arbitration provision in the still-unproduced "collective bargaining" agreement did not cover Appellee's claims. Opening Brief, p. 22. Appellee, the District Court, and now this Court still have no insight into: (1) what rights the "collective bargaining" arbitration provision provided, or (2) how Appellants were justified in concluding that they lacked grounds to move to compel arbitration based on the other alleged arbitration provision. If Appellants' counsel claim to have lacked knowledge of the agreement until April 2021, which Appellee strongly disputes, then they had ample opportunity to articulate that claim in response to multiple inquiries by Appellee's counsel, or in response to the District Court's May 17, 2021 or July 12, 2022 Orders, which found that Appellants indeed knew of the existence of the agreement.

In short, Appellants knew of their right to arbitrate as early as 2016 and certainly during the pendency of this litigation but chose not to exercise that right until 13 months of litigating this case.

## II. Appellants Intentionally Acted in a Manner That Was Inconsistent with Their Known Right to Arbitrate.

While there is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate, the Ninth Circuit has held that

"a party's extended silence and delay in moving for arbitration," and "actively litigating [its] case to take advantage of federal court" are actions inconsistent with the right to arbitrate. *See Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016); Similarly, in *Newirth*, the Ninth Circuit held that "a party act inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in Court." *Newirth*, 931 F.3d at 941.

Moreover, a party that moves to dismiss on the merits, files an answer, and conducts discovery, is taking advantage of the benefits of litigating in federal court. *See Martin*, 829 F.3d at 1125-1126. "Seeking a decision on the merits of a key issue in a case indicates an intentional and strategic decision to take advantage of the judicial forum." *Newirth*, 931 F.3d at 941. By way of example, litigating for thirteen months in federal court while filing a motion to dismiss was, and should be, sufficient to satisfy one's burden of showing intentional relinquishment. *Id.*, citing *Martin v. Yasuda*, 829 F.3d at 1125.

## A. Appellants Actively Litigated This Matter for Thirteen Months Before Moving to Compel Arbitration.

The record is clear with the amount of active litigation Appellants engaged in during the pendency of this litigation. After Appellee filed her Complaint in

state Court, Appellant removed this action to Federal Court. In addition, Appellant engaged in the following, inconsistent with its right to and intent to compel arbitration: (1) filing a motion to dismiss Appellee's complaint (ER 324); filing a motion to strike class allegations seeking to remove claims with prejudice (ER 324); and propounding and responding to substantial discovery (ER 75). Appellants argue that they did not *choose* delay by bringing forth their motion to compel arbitration and that these acts do not amount to showing a purposeful delay. Appellants argument wants this Court not only to ignore the fact that Appellants are themselves the drafters of the arbitration agreement and that they instilled a policy and/or practice requiring on boarding employees to sign such a document, but also asks this Court to ignore thirteen months of active litigation.

Appellants' attempt to break down Appellants' conduct into individual acts in order to demonstrate that their conduct was not inconsistent with their right to compel arbitration. However, Appellants miss the point. It is not the fact that Appellants filed a motion to dismiss alone, but it is the totality of the circumstances, from removal, engaging in the discovery process, discussing *Belaire-West* notices and Stipulated Protective Orders, filing an answer and conducting over thirteen months of litigation, including filing of a motion to dismiss that resulted in dismissal of two of Appellee's claims, that prove Appellants have acted inconsistently with their right to arbitrate.

### i. __Motion to Dismiss__

Appellants cite three cases to support their contention that the motion to dismiss and/or strike Appellant's class allegations was not inconsistent with their right to arbitrate, and each are wholly distinguishable from this matter. First, Appellants attempt to cite to *United Computer Sys. v. AT&T Info Sys.*, 298 F.3d 756, 765 (9th Cir. 2002) in support of their argument. Despite what Appellants claim, the Ninth Circuit found that plaintiff waived its right to arbitrate because it had knowledge of the arbitration agreement and because it filed a complaint in court that explicitly requested declaratory judgment under California law relating to the rights and obligations of the parties under the arbitration clause. *Id*. at 764. The Court further found that plaintiff waived its right when it requested a jury trial and $16 million in damages. *Id*. at 765. However, the Court did not find that defendant suffered prejudice to satisfy a finding of waiver and remanded the matter to the lower court to decide the scope of the arbitration agreement. *Id*. at 765-766. This is not at all analogous to our instant case.

Next, Defendants cite to *Richards v. Ernest & Young, LLP*, 744 F.3d 1072, 1074-1076 (9th Cir. 2013) where the Court did not find waiver of defendant's right to arbitrate because the Court did not find that plaintiff was prejudiced by defendant's delay in bringing a motion to compel. Most notably, *Richards* is distinguishable because plaintiff's claims were not dismissed with prejudice, and

as such the result of the motion to dismiss was not a decision on the merits. *Id*. at 1074. However, here, Appellee's causes of action per Labor Code 226 and 204 were dismissed with prejudice. ER at 320.

Lastly, Defendants cite to *Blau v. AT&T Mobility*, 2012 U.S. Dist. LEXIS 21458 (N.D. Cal. February 21, 2012), which states that "a party does not waive its right to arbitrate merely by filing a motion to dismiss." *Id*. at *7, *quoting Sharif v. Wellness Int'l Network, Ltd*., 376 F.3d 720, 726 (7th Cir. 2004). However, in *Blau*, defendants were not found to be acting inconsistently with their right to arbitrate as they had been clear that if they found an arbitration agreement, they would move to compel arbitration. *Id*. That was certainly not the case here. Defendants here did not mention arbitration for over a year of litigation. Moreover, the Court in *Blau* did not find waiver, because the plaintiff had not been found to be prejudiced by the delay in bringing forth the motion to compel. Again, that is not the case here.

### ii.  Answer to Complaint

Appellants argue that filing an Answer to Appellee's Complaint was not an act inconsistent with their right to compel arbitration. They cite to *Britton v. Co-Op Banking Group*, 916 F.2d 1405 (9th Cir. 2005) and *Fisher v. A.G. Becker Paribas Inc*., 791 F.2d 691 (9th Cir. 1986) to support this contention, but both are distinguishable from the lawsuit here.

First, while the Court in *Britton* did conclude that defendant did not waive its right to compel arbitration, the Court did so because plaintiff failed to demonstrate that defendant had knowledge of the existing right to compel arbitration. *Britton*, 916 F.2d at 1413. Moreover, in *Britton*, defendant was unrepresented during the year delay in bringing forth his motion to compel arbitration. *Id.* While defendant in *Britton* did file an answer to the complaint and did fail to assert arbitration as an affirmative defense, he also purposefully chose to avoid discovery and even sought a stay "to avoid or frustrate the litigation." *Id.*

In *Fisher*, the Ninth Circuit did not find waiver of defendant's right to compel arbitration for several reasons, none of which include a finding that an answer to a complaint is not an act that is inconsistent with the right to compel arbitration. *Fisher*, 791 F.2d at 694. First, in *Fisher*, defendant did not assert an affirmative defense of arbitration in its answer nor did it move to compel at that time and actively litigated the matter for three and a half years. *Id.* at 693. However, the Court did not find waiver of its right to arbitrate because until 1985 – three years after it filed its answer – defendant's attempt to compel arbitration would have been futile given the state of the law at that time. *Id.* at 694. The Court found that "waiver cannot be shown where the agreement of the parties to arbitrate all disputes arising out of the contract is unenforceable." *Id.* Moreover,

17

the Court found that plaintiff did not demonstrate prejudice from the delay sufficient for a finding of waiver. *Id.* at 698.

*Fisher* is entirely inapplicable to the facts of this instant action. The law has been consistent with regards to Appellee's class and individual claims, and, as such, a motion to compel arbitration at the inception of this litigation would not have been futile.

Moreover, here, Appellants did not *just* file an answer. Again, the Court must look at the totality of circumstances in determining whether Appellants' conduct was inconsistent with Appellants right to compel arbitration. Additionally, in this action, Appellants state in an affirmative defense that the F.A.A. barred Appellee's claims. This assertion was certified by Appellants' attorneys that the defense had legal merit and evidentiary support. *See* Fed. R. Civ. P. 11(b). As such, here, the fact that Appellant not only filed an Answer, but filed the Answer with this affirmative defense, bolsters Appellee's assertion that Appellants' failure to move to compel arbitration before April 2021 was intentional.

While Appellants claim that their inclusion of such an affirmative defense was to protect and preserve their right should the arbitration agreement that they thought belonged to a collective bargaining agreement *may* apply to Appellee's claim, this Court should not give merit to this argument. First, Appellants, to this

day, have failed to produce this arbitration agreement that purportedly belonged to some collective bargaining agreement, and as such the merits of its applicability to Appellee's claims has never been assessed by any Court or by Appellee. Second, Appellants had numerous opportunities to address their line of thinking to not only Appellee's counsel, but also to the District Court in its two separate briefings on this issue and failed to do so. As such, while a stand alone answer to a complaint may not be an act inconsistent with the right to arbitrate, given Appellants' Answer, with an affirmative answer addressing the FAA, and the remainder of their conduct in litigation, Appellants actions clearly indicate an intentional decision not to arbitrate.

### iii. **Discovery**

Lastly, Appellants claim that engaging in discovery was not conduct that was inconsistent with Appellants right to arbitrate. Appellants again cite to *Britton*, 916 F. 2d at 1413 and *Richards,* 744 F.3d at 1075 to support their contention. However, as extensively discussed above, both of these cases are distinguishable from our facts in this matter. Appellants also cite to *Hightower v. JPMorgan Chase Bank, N.A.*, 2014 WL 12558114, at *7 (C.D. Cal. Jan. 28, 2014) in order to justify their involvement in the discovery process in this litigation. However, *Hightower*, is also wholly distinguishable.

In *Hightower,* the Court refuses to find waiver of defendant's right to compel arbitration because it found that plaintiff was not prejudiced by defendant's conduct. *Id.* at *6-7. In *Hightower*, there were four class representatives. Defendant Chase engaged in discovery with regards to each class representative, however, it was at plaintiffs' request that defendant Chase engaged in arbitration-related discovery for approximately one year before filing its motion. *Id.* at *5. As such, the Court did not impute this act as inconsistent with an intent to arbitrate. *Id.* No such agreement was made here, and Appellants never communicated their intent to arbitrate before they engaged in discovery with Appellee.

Instead, the matter *Richards v. El Cajon Motors, Inc.*, 200 Cal.App.4th 832 (2011) is more on point with the instant facts. The Court found that defendant waived its right to compel arbitration, despite only a five-month delay in bringing a motion to compel arbitration, because it acted inconsistent with this right and its actions prejudiced plaintiff. *Id.* at 844. Specifically, defendant engaged in class-related discovery before moving to compel arbitration. *Id.* The Court found that had arbitration been ordered, the class discovery would have been rendered useless to plaintiff in her lawsuit against defendant in light of *AT&T Mobility LLC v. Concepcion*, 563 U.S. 1746 (2011), which upheld the waiver of class actions in arbitration. *Id.* at 845. As such, the five-month delay was deemed prejudicial and

the engagement in class-related discovery – discovery that would be useless in arbitration – was deemed an act inconsistent with the right to arbitrate. *Id.* at 846.

**B. Appellants' Conduct During the Pendency of this Lawsuit Reflects an Intentional Decision Not to Arbitrate Appellee's Claims**

Appellants attempt to evade responsibility for litigating, despite knowing they had a right to compel arbitration, by citing to the following three cases to support their argument that the amount of litigation they engaged in did not amount to waiver. However, none of Appellants' cited cases provides justification for the actions Appellants engaged in during this lawsuit. First, Appellant cites to *Lake Commc'ns, Inc. v. ICC Corp*., 738 F.2d 1473, 1477 (9th Cir. 1984), where the defendant waited 13 months and filed a motion to dismiss before moving to compel arbitration. However, the court there made no finding of whether the 13-month delay or the motion to dismiss amounted to actions inconsistent with the right to arbitrate. *Id*. Instead, it found that the plaintiff failed to show prejudice. *Id*. Here, not only was there prejudice, but Appellee need not address the prejudice caused by Appellants' delay in light of the Supreme Court's ruling in *Morgan*.

Next, Appellants cite *Khalatian v. Prime Time Shuttle, Inc*., 237 Cal.App.4th 651, 660-63 (2015), and the 14-month delay in that case for the same proposition. Again, the California Court of Appeal failed to reach a finding of whether the 14-

month delay was sufficient to show actions inconsistent with one's right to arbitrate and again issued a ruling by finding no prejudice to the plaintiff. *Id*. at 663.

Finally, Appellants cite *Groom v. Health Net*, 82 Cal.App.4th 1189, 1194-99 (2000), for the same proposition that their actions do not rise to the level of inconsistent with their right to arbitrate. Yet again, the case they cite does not support their contention. In *Groom*, the California Court of Appeal's decision made no finding of whether the delay or filing of demurrers amounted to actions inconsistent with the right to arbitrate and, as the courts in *Lake Commc'ns Inc*. and *Khalatian* did, the Court's decision was based on a finding of that the plaintiff failed to show prejudice. *Groom*, 82 Cal.App.4th at 1198.

This Court has routinely held that litigants who engage in the amount of litigation activity that Appellants did, have acted inconsistent with their right to arbitrate. *Newirth*, 931 F.3d at 941 (finding defendant acted inconsistently with its right to arbitrate when it filed a motion to dismiss and address a "key merits issue."); *Martin*, 829 F.3d at 1125 (concluding that the defendants acted inconsistently with pursuing arbitration when they spend seventeen months actively litigating their case in federal court, including filing a motion to dismiss "on a key merits issue"); *Van Ness Townhouses v. Mar Inuds. Corp*., 862 F.2d 754, 759 (9th Cir. 1988) (finding waiver when a party answered complaints, moved to

dismiss the action, and did not claim a right to arbitration in any of the pleadings); *Kelly v. Pub. Util. Dist. No. 2*, 552 Fed. App'x 663, 664 (9th Cir. 2014) (finding that defendants engaged in acts inconsistent with their right to arbitration as the parties conducted discovery and litigated motions, including a motion to dismiss). The Court should, respectfully, reach the same consistent finding here.

## CONCLUSION

For the foregoing reasons, the District Court's order denying Appellants motion to compel arbitration of Appellee's claims should be affirmed in full.

Respectfully submitted,

EMPLOYEE JUSTICE LEGAL GROUP

Respectfully submitted,

s/Saima Ali

Kaveh Elihu
Karnit Braun
Saima Ali
EMPLOYEE JUSTICE LEGAL GROUP
1001 Wilshire Blvd.,
Los Angeles, CA 900170
Ph: (213) 382-2222
Fax: (213) 382-2230
*Counsel for Appellee*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)**  No. 22-55749

I am the attorney or self-represented party.

**This brief contains** 5,183 **words,** including 0 words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated _____.

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Saima Ali   **Date** 12-12-2022

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                                 *Rev. 12/01/22*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2022, I electronically filed

the foregoing Appellee's Answering Brief with the Clerk of the Court using

CM/ECF system which will send notification of such filing to the following:

Greg S. Labate                                    *Attorneys for Defendants/Appellants*
Todd E. Lundell
Jason M. Guyser
Tyler Z. Bernstein
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626
Email: glabate@sheppardmullin.com
         tlundell@sheppardmullin.com
         jguyser@sheppardmullin.com
         tbernstein@sheppardmullin.com


                                    */s/Saima Ali*
                                    _____
                                    Saima Ali