CASE NO. 22-55749

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Daisy Alvarez,

*Plaintiff and Appellee,*

v.

Sheraton Operating Corporation, et al.

*Defendants and Appellants.*

United States District Court, Central District of California
Case No. 2:20-cv-03608-TJH-JC
Hon. Terry J. Hatter Jr.

**Appellants' Reply Brief**

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Greg S. Labate
*glabate@sheppardmullin.com*

Todd E. Lundell
*tlundell@sheppardmullin.com*

Jason M. Guyser
*jguyser@sheppardmullin.com*

Tyler Z. Bernstein
*tbernstein@sheppardmullin.com*

650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626
Telephone: 714-513-5100

Attorneys for Defendants and Appellants Sheraton Operating
Corporation and Marriott International, Inc.

## TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................... 4

Argument .............................................................................................................. 6

    I.    Standard of Review ........................................................................... 6

    II.    Defendants Did Not Intentionally Relinquish Or Abandon Their Right To Compel Arbitration .......................... 7

    III.    Defendants Did Not Act Inconsistent With Their Right To Arbitrate ................................................................................... 10

Conclusion ......................................................................................................... 15

Certificate of Compliance .................................................................................. 16

Certificate of Service ......................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Kelly v. Pub. Util. Dist. No. 2*
    552 Fed. App'x 663 (9th Cir. 2014) .................................................... 14

*Martin v. Yasuda*
    829 F.3d 1118 (9th Cir. 2016) ............................................... 10, 11, 12

*Newirth v. Aegis Senior Communities, LLC*
    931 F.3d 935 (9th Cir. 2019) ..................................................... 9, 12, 13

*Richards v. El Cajon Motors, Inc.*
    200 Cal.App.4th 832 (2011) ............................................................... 14

*Richards v. Ernst & Young, LLP*
    744 F.3d 1072 (9th Cir. 2013) .............................................................. 6

*Shivkov v. Artex Risk Solutions*
    974 F.3d 1051 (9th Cir. 2020) .............................................................. 9

*Stolt-Nielsen S.A., et al. v. Animalfeeds Int'l Corp.*
    559 U.S. 662 (2010) ............................................................................ 9

*Van Ness Townhouses v. Mar Indus. Corp.*
    862 F.2d 754 (9th Cir. 1988) ............................................................. 13

## Introduction

In her Answering Brief, Plaintiff/Appellee Daisey Alvarez ("Alvarez") fails to prove she met her significant burden to establish Sheraton Operating Corporation ("Sheraton") and Marriott International, Inc. ("Marriott," and collectively with Sheraton, "Defendants") waived their right to arbitrate.

Specifically, Alvarez fails to show Defendants (1) knew of and intentionally relinquished their right to arbitrate, and (2) acted in a manner inconsistent with their right to arbitrate.

Alvarez contends Defendants knew they had the right to compel arbitration but for some unknown reason purposefully delayed for 13 months before moving to compel. The problem with Alvarez's theory is that it requires this Court to assume Defendants irrationally would choose to litigate putative class claims in federal court as opposed to arbitrating Alvarez's individual claims only, as Alvarez's Arbitration Agreement does not permit class claims. That theory is also contrary to the evidence, which shows that Defendants immediately moved to compel arbitration as soon as its counsel discovered Alvarez had signed an arbitration agreement. This Court should not adopt Alvarez's

4

unjustified and illogical view of Defendants' actions.

Each of the cases Alvarez cites in support of her contention that Defendants acted inconsistently with their right to arbitrate involves non-class claims where the defendants intentionally chose to remain in federal court for strategic purposes before seeking to compel arbitration. That is consistent with well-established law holding that a party acts in a manner inconsistent with its right to arbitrate only when it *chooses* to delay its right to compel arbitration by litigating its case *to take advantage* of being in court.

Here, Defendants initially did not discover Alvarez's Arbitration Agreement, but moved to compel arbitration as soon as they found it. Even if Defendants are imputed with knowledge of Alvarez's Arbitration Agreement at the outset of this litigation, mere knowledge of the Arbitration Agreement is insufficient to establish waiver. Alvarez must prove that Defendants *intentionally* chose to litigate putative class claims in federal court as opposed to arbitrating Alvarez's individual claims in arbitration. There is and was absolutely no rational advantage to make such a choice, and Alvarez cannot show that Defendants intentionally did so here.

This Court should, therefore, reverse the district court's order with instructions to grant Defendants' motion to compel arbitration.

## Argument

### I. Standard of Review

As explained in the opening brief (at 19), "[w]here, as here, the concern is whether the undisputed facts of defendant's pretrial participation in the litigation satisfy the standard for waiver, the question of waiver of arbitration is one of law which [the court] review[s] *de novo.*" *Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1074 (9th Cir. 2013). Alvarez responds that the district court made findings of fact that this Court should review for clear error. [Appellee's Br. at 8.] That clear error standard of review only applies, however, when there are facts in dispute. Here, there are no disputes about Defendants' pretrial participation in the litigation, so the question of waiver is one of law. Moreover, while Alvarez asserts that she disputes "when and how" Defendants became aware of her arbitration agreement, Alvarez does not actually dispute any of the underlying facts set forth in the opening brief, e.g., the timeline for when counsel discovered the Arbitration Agreement. Rather, she simply argues that

6

Defendants are imputed with knowledge of the agreement, which is a legal question, not a factual dispute. Thus, the proper standard of review is *de novo*.

## II. Defendants Did Not Intentionally Relinquish Or Abandon Their Right To Compel Arbitration

Alvarez contends Defendants intentionally relinquished their right to compel arbitration because Defendants' declarant, Evelyn Tangtanalit, attested she distributed the Arbitration Agreement to Alvarez in 2016 and retained the signature page in Alvarez's personnel file. [Appellee's Br. at 10.] From this, Alvarez concludes it is impossible for Defendants to have only become aware of their right to arbitrate in April 2021. But Alvarez's incredulity is belied by her own actions. Defendants produced the signature page to Alvarez in January 2020 as part of Alvarez's personnel file. [2-ER-80, 2-ER-213.] Despite receiving the signature page in January 2020, Alvarez herself continued asking Defendants for evidence of the Arbitration Agreement. Thus, Alvarez either did not recognize the signature page as belonging to her Arbitration Agreement, just like Defendants did not, or Plaintiff feigned ignorance while refusing to abide by her Arbitration Agreement.

7

As Defendants note in their opening brief (at 23-24), after September 2016, newly-hired employees at the Hotel where Alvarez worked no longer signed arbitration agreements as part of the onboarding process. [2-ER-209-10, 213.] Thus, from September 2016 to the date Alvarez filed her complaint in March 2020, the only potentially applicable arbitration provision would have been the provision within the collective bargaining agreement ("CBA"). While it is true that employees working at the Hotel prior to September 2016 knew of the Arbitration Agreement, that does not mean that Defendants' employees were aware of the Agreement in March 2020 when that arbitration agreement had not been utilized for over 3.5 years. Importantly, the employee who explained the onboarding process prior to September 2016 and authenticated Alvarez's Arbitration Agreement was a *former* employee of the Hotel. [2-ER-212.] Thus, it is understandable how Defendants in 2020 could have unintentionally failed to connect the 2016 signature page in Alvarez's personnel file to the complete Arbitration Agreement until producing discovery on Alvarez's claims.

Critically, mere imputed knowledge of an arbitration agreement cannot create waiver as Alvarez contends; rather, Alvarez must prove

that Defendants *intentionally* chose litigating in court over arbitration. *Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 941 (9th Cir. 2019) ("a party acts inconsistently with exercising the right to arbitrate when it (1) makes an *intentional decision* not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time *in order to take advantage of being in court.*" (emphasis added)). Here, Defendants obtained no advantage by remaining in federal court, and actually would have been greatly *advantaged* by moving to compel arbitration and dismissing Alvarez's class claims at the outset of the parties' dispute had they known of the Arbitration Agreement. As Defendants explained in their opening brief (at 24-25), and Alvarez does not challenge, arbitration agreements like the one at issue here that are "silent" as to whether class proceedings are permitted cannot be interpreted as allowing them in the arbitral forum. *Stolt-Nielsen S.A., et al. v. Animalfeeds Int'l Corp.*, 559 U.S. 662, 684 (2010); *Shivkov v. Artex Risk Solutions*, 974 F.3d 1051, 1069 (9th Cir. 2020) ("As the district court concluded, because the Agreements are silent on class arbitration, they do not permit it.").

Thus, in arbitration, Defendants would only have had to defend Alvarez's individual claims, and there was no rational advantage to Defendants remaining in federal court to litigate Alvarez's putative class claims. Alvarez has no response and cannot claim Defendants obtained some advantage in court facing putative class claims over arbitration facing only individual claims.

Simply put, just like Alvarez, Defendants did not discover her complete Arbitration Agreement until shortly before moving to compel arbitration, and this Court should not conclude that Defendants acted irrationally to intentionally relinquish their known right to individual arbitration in favor of litigating class claims in federal court.

## III. Defendants Did Not Act Inconsistent With Their Right To Arbitrate

"There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate," but this element is generally "satisfied when a party *chooses* to delay his right to compel arbitration by actively litigating his case *to take advantage* of being in federal court." *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016) (emphasis added).

Alvarez cites several cases to argue Defendants acted inconsistent with their right to arbitrate, but those cases do not support her conclusions. First, Alvarez relies on *Martin* to insist Defendants waived their right to arbitrate by filing a motion to dismiss and conducting discovery. As Defendants explained in their opening brief, however, *Martin* is inapposite. There, the defendants engaged in extensive litigation despite indisputably knowing plaintiff's claims were arbitrable. And they did so because, in their own words, "we are probably better off just being here in the court with the procedures of Rule 23 and discovery and federal practice than handling it in arbitration." *Id.* at 1122 (internal quotation marks omitted). Alvarez cannot point to any similar strategic conduct here, as Defendants did not purposefully avail themselves of the perceived advantages of the federal procedures knowing they had the right to arbitrate.

To the contrary, Defendants filed their motion to compel as soon as they connected the signature page in Alvarez's file to the Arbitration Agreement covering Alvarez's claims. There is no evidence showing otherwise.

Moreover, while Defendants successfully obtained dismissal of two of Alvarez's claims on the ground they were barred by the statute of limitations, federal court gave them no advantage in doing so. The same legal standards governing the limitations period for those claims would have applied in arbitration. [2-ER-190 (AAA Rule 27 allowing dispositive motions).] Thus, the arbitrator would have been required to dismiss those claims just as the district court did. The fact Alvarez filed obviously untimely claims should not result in Defendants' waiver.

The motion to dismiss also cannot be construed as an intentional act to engage the benefits of federal court because Defendants reasonably did not realize at the time that Alvarez had agreed to arbitrate her claims. Certainly, Defendants would have preferred to dismiss Alvarez's class claims by compelling individual arbitration over dismissing two of Alvarez's individual claims while leaving intact the putative class claims in federal court.

The other cases Alvarez cites are likewise distinguishable. *Newirth* did not involve class claims, and the defendant there, as in *Martin*, "made an intentional decision not to compel arbitration in order to take advantage of the judicial forum." *Newirth*, 931 F.3d at 938.

Indeed, the defendant in *Newirth* knew of its right to arbitrate and filed a motion to compel arbitration, but then withdrew that motion in order to litigate in federal court, only to later refile the motion to compel after the district court ruled against defendant during initial motion practice. *Id.* at 942. Defendants here did not make any similar *intentional* decision not to compel arbitration in favor of litigation.

Similarly, in *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 758-59 (9th Cir. 1988), the defendant in a case not involving class claims intentionally chose not to compel arbitration for two years seeking a judicial decision on the merits of the arbitrable claims. In addition, the defendant approved a pre-trial conference order providing for a jury trial. *Id.* at 756. Only three months before trial did the defendant finally move to compel arbitration. *Id.* at 756. Defendants did not engage in any remotely similar conduct here. This case is nowhere close to trial. Indeed, prior to Defendants' motion to compel, Alvarez moved to amend her complaint to expand and redefine the proposed class, putting the case basically back at the beginning. [ER-189–198.] That motion to amend was pending when Defendants moved to compel arbitration. [ER-105–198.]

13

Alvarez also improperly relies on *Kelly v. Pub. Util. Dist. No. 2*, 552 Fed. App'x 663 (9th Cir. 2014). There too, the defendants were aware of their right to compel arbitration and intentionally chose to litigate and seek judicial determination of the merits of non-class action claims. *Id.* at 664. Again, the same cannot be said of Defendants here.

Finally, Alvarez' reliance on *Richards v. El Cajon Motors, Inc.*, 200 Cal.App.4th 832 (2011) is highly misplaced. As Alvarez notes, the defendant in that case engaged in class-related discovery before moving to compel arbitration, which the court found inconsistent with the right to arbitrate because such discovery would not have been allowed in arbitration. *Id.* at 846. By contrast, Defendants have not engaged in class-related discovery. [2-ER-158.] In fact, Defendants objected to any putative class discovery. [*Ibid.*] Thus, unlike *Richards*, the discovery conducted to date would still be available for use in arbitration. [*Ibid.*] Alvarez produced no evidence to the contrary. Accordingly, *Richards* is inapposite.

In sum, in each of the cases on which Alvarez relies, the defendants intentionally litigated the matter and purposely avoided seeking arbitration for strategic reasons. Here, the exact *opposite* is

14

true. Defendants only briefly litigated this matter because they simply did not realize they could compel arbitration. Upon discovering that they did in fact have Alvarez's signed Arbitration Agreement, Defendants immediately moved to compel.

## Conclusion

For the foregoing reasons, the Court should reverse the district court's denial of Defendants' motion to compel arbitration with instructions for the district court to enter a new order compelling arbitration of Alvarez's claims.

Dated: February 1, 2023    Sheppard, Mullin, Richter & Hampton LLP

By    */s/Todd E. Lundell*
Greg S. Labate
Todd E. Lundell
Jason M. Guyser
Tyler Z. Bernstein
Attorneys for Defendants and
Appellants Sheraton Operating
Corporation and Marriott
International, Inc.

## Certificate of Compliance

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C) and Ninth Circuit Rule 32-1, I certify that the attached brief is proportionally spaced, has a typeface of 14 points, and contains 2,119 words.

Dated: February 1, 2023      Sheppard, Mullin, Richter & Hampton LLP

By ____*s/Todd E. Lundell*____
Greg S. Labate
Todd E. Lundell
Jason M. Guyser
Tyler Z. Bernstein
Attorneys for Defendants and Appellants Sheraton Operating Corporation and Marriott International, Inc.

## Certificate of Service

I hereby certify that on this 1st day of February, 2023, I electronically filed the foregoing **Appellants' Reply Brief** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jacob L. Karczewski, Esq.<br>Employee Justice Legal Group, PC<br>3055 Wilshire Blvd.<br>Ste. 1120<br>Los Angeles, CA 90010<br>jkarczewski@ejlglaw.com | *Attorneys for Plaintiff/Appellee* |

 

*/s/ Laurie Palmer*
Laurie Palmer