# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
714.513.5100 main
714.513.5130 fax
www.sheppardmullin.com

Todd E. Lundell
714.424.2845 direct
tlundell@sheppardmullin.com

March 7, 2023

File Number: 17ZN-315298

**VIA CM/ECF**

Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re:  <u>Daisy Alvarez v. Sheraton Operating Corporation, et al., Case No. 22-55749</u>

Dear Ms. Dwyer:

Appellants Sheraton Operating Corporation and Marriott International, Inc. ("Appellants") submit this letter pursuant to Federal Rule of Appellate Procedure 28(j) to inform the Court of a recent decision: *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011 (9th Cir. 2023).

In *Michaels*, the plaintiff filed a putative class action in state court, and the defendant answered asserting its right to arbitration as an affirmative defense. *Id.* at 1013. The defendant then removed the case to federal district court. *Ibid.* After the plaintiff amended her complaint to add a Private Attorneys General Act ("PAGA") claim, defendant again asserted arbitration as an affirmative defense. *Ibid.* In a joint case management statement, the defendant represented it planned to move to compel arbitration after conducting discovery. *Ibid.* Defendant's discovery was relevant to plaintiff's non-arbitrable PAGA claim and her arbitrable claims. *Ibid.*

Defendant moved to compel arbitration ten months after plaintiff filed her complaint. *Id.* at 1014. The district court granted the motion, and this Court affirmed. This Court concluded that although defendant did not immediately move to compel arbitration, the defendant "did not make an *intentional decision* not to compel arbitration" because defendant did not "waffl[e]" between arbitration and court, did not seek a ruling on the merits, and conducted limited discovery that related partially to the non-arbitrable PAGA claim. *Id.* at 1015 (emphasis added).

*Michaels* supports Appellants' argument (e.g., AOB at 20-35) that they did not make an intentional decision to waive or otherwise act inconsistently with their right to arbitration. Although Appellants filed a motion to dismiss for failure to plead with particularity, like the defendant in *Michaels*, Appellants asserted their right to arbitrate as an affirmative defense from the outset, did not "waffle" between forums, and only engaged in limited litigation activity

**SheppardMullin**

March 7, 2023
Page 2

before moving to compel arbitration, which included discovery that related in part to the then-non-arbitrable PAGA claim. As in *Michaels*, the totality of Appellants' actions do not show they purposely relinquished the right to compel arbitration. No rational actor would purposely choose to litigate claims on a class basis in court rather than arbitrate them on an individual basis.

Respectfully submitted,

*/s/ Todd E. Lundell*

Todd E. Lundell
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Word Count: 349 words (FRAP 28(J); 9th Cir. R. 28-6
cc: Proof of service

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March, 2023, I electronically filed the foregoing **FRCP 28(J) Letter to Court of Appeal re New Relevant Authority** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Saima Ali | *Attorneys for* |
| Karnit Bruan | *Plaintiff/Appellee* |
| Kaveh Sam Elihu | |
| Employee Justice Legal Group, PC | |
| 1001 Wilshire Boulevard | |
| Los Angeles, CA 90010 | |
| Email: sali@ejlglaw.com | |
| kbraun@ejlglaw.com | |
| kelihu@ejlglaw.com | |

*/s/ Laurie Palmer*
Laurie Palmer